IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG WATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3328-L |
| | § | |
| MARKEL INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Markel Insurance Company filed a Motion to Set Aside Default Judgment, *see* Dkt. No. 3, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and for findings and recommendation, *see* Dkt. No. 4.

Plaintiff Craig Watkins has not filed a response, and the time to do so has passed.

For the reasons explained below, the Court should grant the Motion to Set Aside Default Judgment [Dkt. No. 3].

**Background**

On June 27, 2018 Plaintiff filed his Original Petition in the 14th Judicial District Court of Dallas County, Texas, styled *Watkins v. Markell Insurance Company*, No. DC-08528. Plaintiff asserted claims against Defendant for violations of the Texas Deceptive Trade Practices Act and common-law fraud based on allegations of lack of payment or underpayment of insurance claims. *See* Dkt. No. 3-1 at 3-9. The Original Petition

stated:

> Defendant MARKELL INSURANCE COMPANY, a Corporation doing business in Texas, may be served with process through its Attorney: Chris Avery, Thompson Coe, ONE RIVERWAY STE 1400, HOUSTON, TEXAS 77056. Service of said Defendant as described above can be effected by personal service.

*Id.* at 3.

Plaintiff attempted to serve Defendant by serving its former attorney, Chris Avery of Thompson, Coe, Cousins & Irons. *See id.* at 11-12 (Citation and Affidavit of Service). The affidavit of service states that a true copy of the citation was served on "Attorney Chris Avery"on July 9, 2018, at the law firm's place of business at 1 Riverway #1400, Houston, TX 77056. *See id.* at 11. The citation is directed to "Attorney Chris Avery" of "Thomson Coe" and commands him to appear and file an answer. *See id.* at 12. Other than the style of the case, Defendant's name, address, or the name of any employee or officer of Defendant do not appear in the citation. *See id.*

Chris Avery notified Plaintiff, who represents himself in this case, that he was not an authorized agent for service of process on Defendant. *See id.* at 15-18, 20 (Affidavit of Chris H. Avery). In a July 20, 2018 letter, Mr. Avery stated:

> Next, your petition improperly names me as an agent for service of process. I am not and have never been an authorized agent for service of process on behalf of Markel or any other insurance entity. Texas law clearly requires that suit be served on a corporation's registered agent, not any other party. As a result, any attempts to serve the wrong defendant through the wrong agent are ineffective.

*Id.* at 20. Renee Maratea, the Manager of Insurance and Reinsurance Support for Defendant's claims service manager, attests to the fact that no representative of

Defendant was ever served by Plaintiff in this action and that Defendant did not authorize Mr. Avery to accept service. *See id.* at 24-26 (Affidavit of Renee Maratea).

On August 31, 2018, the state court dismissed the pending action for want of prosecution. *See id.* at 28. On September 12, 2018, Plaintiff filed a motion to reinstate, stating as grounds that he had inadvertently missed the discovery deadline. *See id.* at 30-33. On December 6, 2018, the court granted the motion and reinstated the case. *See id.* at 38.

Plaintiff approved default judgment drafts for the state court on October 30, 2018 and November 27, 2018, which stated that Defendant had been "duly cited to appear" but "failed to file an answer within the time allowed by law." *Id.* at 40-41, 43-44.

On December 5, 2018, Plaintiff filed his motion for default judgment. *See* Dkt. No. 1-5 at 47-48. In the motion, Plaintiff states that

> Defendant, MARKEL INSURANCE COMPANY, was served with citation on July 9, 2018. Defendant, MARKEL INSURANCE COMPANY, has failed to appear or file an answer within the time allowed by law and has wholly made default. The citation with proof of service of Defendant has been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

*Id.* at 47.

On December 6, 2018, the state court granted default judgment for Plaintiff and against Defendant based on Plaintiff's assertion that Defendant had been served with citation and failed to answer. *See id.* at 47-49. The state court found that Plaintiff was entitled to recovery on all of his claims, for a total of $1,000,000, plus prejudgment interest of $28,000. The state court also found that Plaintiff was entitled to attorney's

fees in the amount of $20,000. *See id.* The state court's judgment stated that a hearing was held concerning the default judgment on December 5, 2018. *See id.* at 47. But according to Diane Robert, the court reporter for the 14th Judicial District Court, there were no hearings that day. *See id.* at 51-53.

On December 18, 2018, Defendant removed the state case to the United States District Court for the Northern District of Texas, Dallas Division. *See* Dkt. No. 1. On December 19, 2018, Defendant filed its motion to set aside default judgment. *See* Dkt. No. 3. Defendant has not filed an answer in either state or federal court. *See* Dkt. No. 1-5 (state court filings); Dkt. Nos 1-4 (federal court docket).

The undersigned now concludes that the motion to set aside default should be granted.

## Legal Standards and Analysis

A state-court default judgment remains in effect after removal. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

And an unserved defendant retains the right to remove an action once it learns of the litigation. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014).

Here, Defendant moves to have the default judgment set aside for lack of proper service under Federal Rule of Civil Procedure 55, which provides that the court "may

set aside a final default judgment under Rule 60(b)," and Federal Rule of Civil Procedure 60(b)(4), which provides that the court may set aside a final judgment "for good cause" if "the judgment is void." *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119-20 (5th Cir. 1992) ("We observe at the outset that Rule 60(b) was the appropriate mechanism for challenging the state court judgment once it was removed to the federal district court."); *see also Thompson*, 770 F.2d at 306 n.9 ("Rule 60 applies upon removal because the district court must apply the Federal Rules following removal) (citing *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986)).

Defendant contends that the default judgment is void because Defendant was never served with process.

"'[T]he term 'service of process' is defined by state law," and this Court must evaluate propriety of service under Texas law. *Thompson*, 775 F.3d at 304 (quoting *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir.2005)). The Texas Supreme Court requires "that strict compliance with the rules for service of process affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

The only service of process contained in the state court records is the citation served on Defendant's former attorney, who was not an authorized agent of Defendant for service of process. After he was served with citation, the attorney immediately notified Plaintiff that Plaintiff had not properly served Defendant because the attorney

was not Defendant's authorized agent for service of process. Even with this knowledge, Plaintiff submitted a motion for default judgment stating that Defendant had been properly served, and the state court adopted the proposed Default Judgment submitted by Plaintiff, which stated that Defendant had been duly cited to appear but had failed to timely file an answer.

Plaintiff has failed to file a response or provide the Court with any evidence to indicate that Defendant was properly served. Accordingly, the Court should assume that Plaintiff has abandoned any argument that Defendant was properly served with Plaintiff's petition under Texas law.

This Court must set aside a void judgment. *See Thompson*, 775 F.3d at 306 (citing FED. R. CIV. P. 60(b)(4)). "If a court lacks jurisdiction over the parties because of insufficient service or process, the judgment is void and the district court must set it aside." *Id.* (quoting *Recreations Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986)).

Because a plaintiff cannot obtain a default judgment until a defendant is properly served, *see Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam), the default judgment in this case is void and should be set aside.

## Recommendation

The Court should grant Defendant's Motion to Set Aside Default Judgment [Dkt. No. 3].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        DATED: April 17, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE